**FULL NAME:** Christopher Taulbee
**COMMITTED NAME (if different):** #AV-6180
**FULL ADDRESS INCLUDING NAME OF INSTITUTION:** CVSP
P.O. box 2349
Blythe, CA, 92226
**PRISON NUMBER (if applicable):**

FILED
CLERK, U.S. DISTRICT COURT
FEB 22 2017
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Christopher Taulbee

PLAINTIFF,

v.

County of Riverside, et al DEFENDANT(S).

**CASE NUMBER:** EDCV17-00333-JVS(JC)
*To be supplied by the Clerk*

**CIVIL RIGHTS COMPLAINT**
**PURSUANT TO** *(Check one)*
☐ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☒ Yes ☐ No

2. If your answer to "1." is yes, how many? ___1___

Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

Writ of habeas corpus challenging California Department of Correction parole violation system.

RECEIVED
CLERK, U.S. DISTRICT COURT
FEB 17 2017
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Parties to this previous lawsuit:

Plaintiff _____

Defendants _____

b. Court _____

c. Docket or case number _____

d. Name of judge to whom case was assigned _____

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) _____

f. Issues raised: _____

g. Approximate date of filing lawsuit: _____

h. Approximate date of disposition _____

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☒ Yes ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☐ Yes ☐ No

   If your answer is no, explain why not <u>custom and practies by jail employees have prevented plaintiff from getting grievances to file on these issues.</u>

3. Is the grievance procedure completed? ☐ Yes ☒ No

   If your answer is no, explain why not _____

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff <u>Christopher Taulbee #AV-6180</u>
(print plaintiff's name)

who presently resides at <u>C.V.S.P. P.O. Box 2349 Blythe, CA. 92226</u>
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at
<u>Robert Presley Detention center And South West</u>
(institution/city where violation occurred)
<u>Detention Center</u>

CV-66 (7/97)           CIVIL RIGHTS COMPLAINT

X on (date or dates) __FEB 2016__ __MARCH 2016__ _____
　　　　　　　　　　　(Claim I)　　　　　　　(Claim II)　　　　　　　　(Claim III)

NOTE:　You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant　__RIVERSIDE COUNTY SHERIFF DEPARTMENT__　resides or works at
　　　　　　　(full name of first defendant)
　　　　　　　__4080 LEMON STREET　　　RIVERSIDE, CA. 92501__
　　　　　　　(full address of first defendant)
　　　　　　　__PUBLIC ENTITY__
　　　　　　　(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual　☒ official capacity.

Explain how this defendant was acting under color of law:
liable for widespread custom or practice which is the moving force behind the constitutional deprivation.

2. Defendant　__STAN SNIFF__　resides or works at
　　　　　　　(full name of first defendant)
　　　　　　　__4095 Lemon Street　　　RIVERSIDE, CA.　92501__
　　　　　　　(full address of first defendant)
　　　　　　　__SHERIFF__
　　　　　　　(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual　☐ official capacity.

Explain how this defendant was acting under color of law:
As top policy marker for Sheriff's Department failed to fix or abuse the unsanitary condition and break up the custom and practice of subordination that aid to the constitutional violations.

3. Defendant　__WILLIAM DI YORIO__　resides or works at
　　　　　　　(full name of first defendant)
　　　　　　　__4095 Lemon Street　　　RIVERSIDE, CA.　92501__
　　　　　　　(full address of first defendant)
　　　　　　　__UNDER SHERIFF__
　　　　　　　(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual　☐ official capacity.

Explain how this defendant was acting under color of law:
As top policy marker for Sheriff Department failed to fix abuse the unsanitary condition and break up the custom and practice subordination that aid to the constitutional violations.

4. Defendant   KEVIN JEFFERIES _____ resides or works at
   (full name of first defendant)
   4080 Lemon Street       RIVERSIDE, CA.  92501
   (full address of first defendant)
   BOARD OF SUPERVISORS
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both):  ☒ individual   ☐ official capacity.

   Explain how this defendant was acting under color of law:
   Failed to allocate funds to fix or abate the unsanitary condition after 2011.

5. Defendant   MARION ASHLEY _____ resides or works at
   (full name of first defendant)
   4080 Lemon Street       RIVERSIDE, CA. 92501
   (full address of first defendant)
   BOARD OF SUPERVISORS
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both):  ☒ individual   ☐ official capacity.

   Explain how this defendant was acting under color of law:
   Failed to allocate funds to fix or abate the unsanitary condition after 2011.

6. Defendant   JOHN TAVAGLIONE _____ resides or works at
   (full name of first defendant)
   4080 Lemon Street       RIVERSIDE, CA    92501
   (full address of first defendant)
   BOARD OF SUPERVISORS
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both):  ☒ individual   ☐ official capacity.

   Explain how this defendant was acting under color of law:
   Failed to allocate funds to fix or abate the unsanitary condition after 2011.

7. Defendant  JEFF STONE  _____ resides or works at
(full name of first defendant)

4080 Lemon Street    RIVERSIDE, CA.    92501
(full address of first defendant)

BOARD OF SUPERVISORS
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:
Failed to allocate funds to fix or abate the unsanitary condition after 2011.

8. Defendant  JOHN BENOIT  _____ resides or works at
(full name of first defendant)

4080 Lemon Street    RIVERSIDE, CA.    92501
(full address of first defendant)

BOARD OF SUPERVISORS
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:
Failed to allocate funds to fix or abate the unsanitary condition after 2011.

## D. CLAIMS*

CLAIM I

The following civil right has been violated:
. (SEE ATTACHMENT (A) in support of Complaint)

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.
(SEE ATTACHMENT (B) in support of Civil Compliant)

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

(A) Request Damages in the amount of $ 15,000 against each Defendant

(B) Allow amendment when necessary.

(C) Award any other relief the court deems necessary in this matter.

2/14/2017
(Date)

Christopher Tauilee
(Signature of Plaintiff)   AV-6180

1) Plaintiff CHRISTOPHER Taulbee AV6180 (hereafter "Plaintiff") was a pre-detainee in the Riverside County Detention Centers, specifically, Robert Presley Detention Center and South west detention Center.

2) Robert Presley Detention Center ("RPDC") and South West Detention Center ("SWDC") are two detention facilities that are located in Riverside County and operated by the Riverside County Sheriff's Department. In Both facilities, inmates are housed in cells that have a stainless steel toilet and sink combination unit. The combined toilet and sink in one cell shares a wall and connected piping to the combined toilet and sink in the adjacent cell.

3) The plumbing and sewage systems at both facilities, due to poor design and/or inadequate maintenance, consistently floods cells with raw sewage that spills from the toilets. Plaintiffs experienced deplorable, inhumane, and unsanitary conditions at SWDC and/or RPDC. In brief, Plaintiff was confined to a cell in which humans waste would emerge from the toilet nearly every time the toilet in the adjoining cell was flushed. On countless occasions, this emerging sewage would then spill over the rim of the toilet, pouring onto the cell floor and walls.

4) The existence of sewage pouring from plumbing fixtures in cells creates and unsanitary condition constituting cruel and unusual punishment – where Plaintiff was forced to live in a toxic, fetid pool of human waste. The Plaintiff could not escape this cesspool of the County's making. Even more egregious, the County and its jail officials have repeatedly and uniformly denied inmates access to cleaning supplies to clean their cells of the waste.

5) In attempts to make the cells habitable, Plaintiff would have to resort to using shampoo they purchase with their own money and use a towel (they get one a week) to attempt to mop the floor, or use his personal bar of soap to clean off sewage.

6) When the Plaintiff (as well as other inmates) would bring the plumbing condition to the attention of the guards at RPDC and/or SWDC, they were often told that the condition is not subject to a grievance, stating it is just the way the place is built, the county does not have the money to fix it or if you don't like it, don't come to jail. Also, the Plaintiff (as well as other inmates) was discouraged from submitting a grievance by a wide-spread practice of denying inmates grievances (the grievance had to be retrieved and handed to the inmate by the guards). The Plaintiff is not required to exhaust the administrative remedy, because he was reliable informed by guards that this is not a grievable issue. (Albino v Baca, 747 F.3d 1162, 1173 (9th Cir. 2104) ["not required to exhaust a remedy that.[they] had been reliably informed was not available to [them]"] see also, Brown v Valoff, 422 F.3d 926, 935 (9th Cir 2005)).

7) This Plaintiff would be stuck in an unsanitary cell and facing officials that refuse to provide cleaning supplies or to formally report the condition. Deputies would not specifically pass out cleaning supplies for the Plaintiff to clean his individual cell. Cleaning supplies where only passed out after each meal to clean the dayroom were the inmates eat. The Plaintiff would be locked in his cell for this cleaning routine and not have access to any cleaning supplies. Although the Plaintiff had to use personal hygiene supplies to clean his cell. It was never disinfected with proper cleaning supplies to kill germs. The whole time the Plaintiff was in the cell, he never received any type of disinfectant that would sanitize the cell.

8) The Plaintiff (as well as other inmates) that was housed in RPDC and/or SWDC have publically alleged that the living conditions a both facilities are inhumane and violate their constitutional rights. To wit, numerous incarcerated individuals have filed pro se civil rights complaints pursuant to 42 U.S.C 1983 against the County of Riverside (and certain jail officials) violated the plaintiff's Eight and/or Fourteenth Amendment rights by subjecting them to unsanitary, inhumane and repulsive conditions for prolonged periods of time resulting for a pattern and practice of jail officials (i) refusing to accept inmate grievances about these deplorable conditions and (ii) withholding cleaning supplies (disinfectant, mops, toilet brushes, rags etc.).

9) Prior to this Plaintiff's incarceration at RPDC and/or SWDC, a previous civil right law suit was filed in 2011, putting the County, Boards of Supervisors, Sheriff and Under Sheriff on notice of the same constitutional rights violations. Thomas Bodnar filed his own Section 1983 complaint in the Central District on February 25, 2001 against the County of Riverside in Thomas Bodnar vs. Riverside County Sheriff's Department, et. al. C.D. Cal. Case No. 11-cv-00291 DSF (OP). Like this Plaintiff's allegations, Bodnar's complaint stemmed from his incarceration at SWDC (approximately nine to ten months) and RPDC (approximately eight to nine months), where he was exposed to wastewater that would regularly back-flush and spill over the toilet into his cell. Bodnar reported this plumbing problem to multiple custody staff at both facilities and resorted to using a bar of soap to clean the areas of his cell soiled by the sewage. The County of Riverside filed a motion for summary judgment as to Bodnar's complaint which was denied, in part, and granted in part. In its motion, the Court found the County did not deny Bodnar's allegations of back-flushing at RPDC, and found this to be an undisputed fact. (Dkt. 108, ppp.6-7). First, the Court recognized that "a back-flushing problem, at least when accompanied by a refusal to provide cleaning supplied beyond the bar of soap maintained by a

prisoner for personal hygiene, amounts to a violation of Eighth Amendment principles. (Dkt. 108 p 17). Second, the court found that Bodnar "presented a triable issue as to whether Defendant maintained a custom of allowing the back-flushing problem while denying cleaning supplies" at RPDC because he presented evidence that "many inmates were aware of the problem and complained, and that each member of the custody staff notified of the problem did nothing to remedy the situation." (Id. pp. 17-18). The court found that the County was not entitled to summary judgment as to Bodnar's claim for violation of the Eighth Amendment while incarcerated at RPDC since he "presented a genuine triable issue as to whether the back-flushing problem and lack of access to cleaning supplies at RDPC violated his constitutional right, and whether that constitutional violation was caused by a custom employed by [the county]". (Id. p. 18).

10) In 2011, the Board of Supervisors, Kevin Jefferies, Marion Ashley, John Tavaglione, Jeff Stone and John Benoit, along with Sheriff Stan Sniff and Under Sheriff William Di Yori received notice of alleged constitutional rights violation in the Bodnar's case. Each had a duty or authority to allocate funds to fix and/or abate the unsanitary and inhumane conditions, but chose not to. Each failed to lift a finger from 2011 throughout the Plaintiffs incarceration to fix or abate it.

11) The each Board of Supervisors and the Sheriff were elected officials who failed to perform a statutory duty and are thus liable (Cal. Gov't Codes 815.6, 815.3 835.2(a), 835.2(b) and 820.9.

12) Custody/Deputies maintained a wide-spread custom and/or practice in that they, (1) never passing out cleaning supplies to clean individual cells, and (2) never pass out grievance forms when requested for any of these allegations to obtain

1 some type of remedy. These are part of the cause of harm of putting the Plaintiff's
2 health at risk and future risk of serious health problems.
3
4 13) The Sheriff and Under Sheriff, without overt personal participation in the
5 offensive act, but because their implementation on the Sheriff's Department's
6 policy and procedure on cleaning supplies and grievances was so deficient, the
7 policy itself (approved by them) is a repudiation of constitutional rights and the
8 moving force in the alleged deprivation in this action.
9
10 14) Each Board member had the authority to present allocated funds to the entire
11 Board to fix the unsanitary conditions at it's Detention Centers and failed to do so.
12 Each Board member did nothing.
13
14 15) The Sheriff and Under Sheriff had a duty after the notice of these deficient
15 policies and procedures from the <u>Bodnar</u> suit in 2011 to fix the policies and
16 procedures and break up the wide-spread custom and practice of the deficient
17 cleaning supply routine and grievance procedure. Each failed to act from 2011
18 throughout the Plaintiff's incarceration in the county jail.
19
20 16) Each Defendant's failure to act since 2011 shows a direct and intentional
21 disregard to inmate's constitutional rights. This showed each individual
22 defendant(s) reckless and callous indifference to Plaintiff's constitutional rights.
23 constituting punitive liability.
24
25 17) The Defendant's cannot escape their responsibility for maintaining sanitation by
26 blaming the prisoners. (<u>Hoptowit v Spellman</u>, 753 F.2d 779 (9th Cir. 1985)).
27

1  18) Every time the Plaintiff was moved into a cell, the cell was never cleaned prior to my arrival in the cell, nor was I able to receive cleaning supplies to clean the cell before I settled in. (Gates v Cook, 376 F.3d 323 (5th Cir. 2004)).

19) Plaintiff's claims are timely pursuant to California Civil Code Procedures, section 335.1, a two year statute of limitations for injury and section 352.1(a) a two year disability of imprisonment for a total of four years.

20) Exposure to sewage may result in a number of diseases. Such as Gastroenteritis (An inflammation of the stomach and the intestine. Gastroenteritis may result in diarrhea with vomiting and cramps when irritation is excessive.), Hepatitis (means inflammation of the liver. When hepatitis is a result of sewage backup it is often characterized by inflammation of the liver and jaundice), Occupational Asthma (A respiratory disorder characterized by attacks of breathlessness, chest tightness and wheezing), Allergic Alveolitis (inflammation of the alveoli in the lungs, it is characterized by fever, breathlessness, dry cough, and aching muscles and joints) and disease transmission is in three ways (1) mouth to mouth, (2) Skin contact to skin contact, and (3) Inhalation contaminated organisms may penetrate the body simply as we breathe aerosolized.

21) Plaintiff from the unsanitary condition: Suffered: Gastroenteritis, Diarrhea, stomach cramps, Inflamation of stomach & intestine, stomach flu like symptoms, ...

## CAUSE OF ACTIONS

Cause One:

22) Plaintiff Repeats and alleges the allegations contained in paragraphs numbered 1-21, inclusive to this complaint.

23) As a direct result of each individual defendant sued in their individual capacity, being deliberately indifferent to Plaintiff's constitutional right to sanitary living conditions in the County's Detentions Centers. Their actions and/or inactions of official duty to cure and/or abate the unsanitary living conditions is the proximate cause of unreasonable risk of harm and future harm to a serious health problems, to which is still a concern of the Plaintiff. Causing Plaintiff's rights secured by the Fourteen Amendment under the Eight Amendment Standards for a pre-detainee were violated.

Cause Two:

24) Plaintiff Repeats and alleges the allegations contained in paragraphs numbered 1-21, inclusive to this complaint.

25) As a direct result of Defendant, County of Riverside, it's employees being deliberately indifferent to Plaintiff's right to sanitary living conditions, in their actions and/or inactions and their wide-spread custom and practice of, (1) never passing out cleaning supplies to specifically clean cells, (2) never passing out grievances to inmates, and (3) never filing maintenance request when inmates request them. This execution of policy and custom by County's employees

liability. Also, the County's failure to fix the plumbing problem of back-flushing in the cells, which allowed raw sewage to spill into the cells, showed the County's deliberate indifference to risk of serious health concern of inmates and disregards the obvious need of sanitation. These are the causes of the Plaintiff suffering and/or injury, and forced to live in inhumane and unsanitary living conditions that put his life at risk and future risk of serious health problems, to which is still a concern today. Causing Plaintiff's rights secured by the Fourteen Amendment under the Eight Amendment Standards for a pre-detainee were violated. Thus, making County of Riverside liable.

///
///
///

DATE: 2/14/2017

Christopher Taulku
PLAINTIFF/IN PRO PER #AV·6180

*Proof of Service — Mail*

## PROOF OF SERVICE

Re: Case Number _____
Case Title **Christopher Taulbee vs County of Riverside**

I hereby declare that I am a citizen of the United States, am over 18 years of age, and am/am not a party in the above-entitled action. I am employed in/reside in the County of **Riverside** and my business/residence address is **PO Box 2349 Blythe CA 92226**

On **2/14/2017**, I served the attached document described as a **Civil Rights Complaint pursuant to 42 U.S.C. § 1983**

on the parties in the above-named case. I did this by enclosing true copies of the document in sealed envelopes with postage fully prepaid thereon. I then placed the envelopes in a U.S. Postal Service mailbox in **Riverside**, California, addressed as follows:

**U.S. District Court, U.S. Courthouse, Room G8
Los Angeles, CA 90012**

I, **Christopher Taulbee #AV6180**, declare under penalty of perjury that the foregoing is true and correct.

Executed on **2/14/2017**, at **Riverside County**, California.

_C. Taulbee #AV6180_
Signature

TAULBEE, CHRISTOPHER
#AV-6180
C7.5.2L
CUSP
BOX 2349
BLythe Ca
92226

1983
CIV COM

CHUCKAWALLA VALLEY
STATE PRISON

**LEGAL MAIL**

US Court House
Central District of Cal.
312 North Spring St Rm G-8
Los Angeles, Ca
90012

RECEIVED
CLERK, U.S. DISTRICT COURT
FEB 17 2017
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

LEGAL MAIL